HENRY J. TAYLOR and others *v.* LYDIA HARKER and another.

To warrant a judgment against defendants sued by attachment, in the marine court, it is necessary that the attachment should be served personally, if the defendants can be found in the county.

If the attachment is not served personally, a summons must be issued and returned either personally served, or that the defendants cannot be found after diligent inquiry, otherwise the justice has no jurisdiction of the *person*, and cannot render judgment on default of appearance.

APPEAL from the marine court. The suit was commenced by attachment, which was applied for on the grounds, 1. That the defendants were indebted to the plaintiffs on contract; 2. That the defendants were about to depart from the city and county where they last resided, with intent to defraud their creditors; 3. That they had disposed of their property with the like intent. The only facts sworn to on the application to sustain these charges were, that the defendants had sold out their stock, closed their store, declared to their landlord their intention to leave the state, and avowed a design to go to California. The required bond was given, and the attachment allowed. The constable made a return thereon, that he had attached $175, belonging to the defendants, in the hands of D. S. Hough; that he had served the attachment upon said Hough personally, and upon the defendants by leaving a copy directed to them, at their last place of residence, they being absent therefrom.

Upon this return, containing nothing further, and no summons having been issued, the justice called the case, and defaulted the defendants, upon their failing to appear. The cause then proceeded. A *prima facie* case was made out for the plaintiffs, and judgment was accordingly given for them.

*N. B. La Bau*, for the appellants.

*Edmund Yenni*, for the respondents.

BY THE COURT. WOODRUFF, J.—This suit appears to have been commenced under the act of 1831, abolishing imprisonment for debt, and to punish fraudulent debtors, as amended by § 1 of chap. 107 of laws of 1842. This act is, by the 47th section thereof, made to apply to the marine and assistant justices' courts in the city of New York. (See chap. 300 of laws of 1831, section 29 to 47.)

Section 34 of the act authorizes an attachment when it satisfactorily appears to the justice, that the defendant is about to remove from the county any of his property, with intent to defraud. In this case there was no evidence whatever laid before the justice of any intent to defraud, except that the defendant, Lydia Harker, had sold her property at auction, and was about to remove. There was nothing in this to warrant the inference of fraud or fraudulent intent. The attachment was, therefore, as we think, improvidently issued. But without disposing of the appeal upon that ground, it is plain that the court below never acquired a jurisdiction warranting the further proceedings in the action.

Section 36 of the act of 1831, referring to the manner in which attachments issued by *courts of justices of the peace* were theretofore directed to be served, provides, in express terms, that if the defendant can be found in the county, a copy of the attachment and inventory, &c., shall be served on the defendant personally. This was not done in the present case. The return of the constable does not show that the defendants could not be found within the county, but only that when he left the copy at their "last place of residence," they were absent therefrom. This is not even *prima facie* evidence that they could not be found. It is wholly unnecessary to look at the affidavits of the defendants, but they nevertheless show clearly that the defendants were in the county, and might have been served.

This alone is fatal to the judgment.

But by section 38, it is further expressly provided, that if the attachment was not personally served, and the defendant does not appear, the plaintiff may take out a summons, and if the summons be returned, either personally served, or that the

defendants *cannot be found after diligent inquiry*, then the justice shall proceed to hear and determine, &c. In this case no summons was issued, and the court below had no jurisdiction to proceed to hear, &c.

The judgment cannot be sustained upon any ground. It must be reversed with costs.